```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
```

In re:                                                              Case No. 18-00013-HWV
Linda S Shaffer                                                     Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0314-1          User: REshelman           Page 1 of 1           Date Rcvd: Jun 07, 2019
                              Form ID: 3180W            Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 09, 2019.
db              +Linda S Shaffer,    505 Sandy Hollow Road,   New Bloomfield, PA 17068-9207
5007916          Car Max,   6550 Carlisle Pike,   Mechanicsburg, PA 17050
5009057         +CarMax Auto Finance,    225 Chastain Meadows Court Suite 210,   Kennesaw, GA 30144-5942

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5007915          EDI: BANKAMER.COM Jun 08 2019 00:33:00      Bank of America,   PO Box 5270,
                  Carol Stream, IL 60197-5270
5033349         +E-mail/Text: ECMBKMail@Caliberhomeloans.com Jun 07 2019 20:32:55      Caliber Home Loans,
                  13801 Wireless Way,   Oklahoma City, OK 73134-2500
5008329         +EDI: PRA.COM Jun 08 2019 00:33:00      PRA Receivables Management, LLC,   PO Box 41021,
                  Norfolk, VA 23541-1021
5031404          EDI: AIS.COM Jun 08 2019 00:33:00      Verizon,   by American InfoSource LP as agent,
                  PO Box 248838,   Oklahoma City, OK  73124-8838
                                                                                              TOTAL: 4

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5113434          LSF10 Master Participation Trust c/o Caliber Home
cr*             +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2019                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 7, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor    U.S. Bank Trust, N.A., as Trustee, ET AL.
               bkgroup@kmllawgroup.com
              James H Turner    on behalf of Debtor 1 Linda S Shaffer pat@turnerandoconnell.com
              Sarah K. McCaffery    on behalf of Creditor    LSF10 Master Participation Trust
               smccaffery@squirelaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Linda S Shaffer** | Social Security number or ITIN **xxx–xx–7950** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Middle District of Pennsylvania** | | |
| Case number: **1:18–bk–00013–HWV** | | |

# Order of Discharge                                                                                           12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Linda S Shaffer

6/7/19

**By the court:**

*[signature]*

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: REshelman, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**